RECEIVED
USDC. CLERK. CHARLESTON. SC

2008 MAR -4  A 9 58

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Portee, Jr., #36401, ) | C.A. No. 2:07-945-PMD-RSC |
| ) | |
| Plaintiff, ) | |
| ) | |
| -versus- ) | **REPORT AND RECOMMENDATION** |
| ) | |
| NFN Felder, Officer at Alvin ) | |
| S. Glenn Detention Center; ) | |
| NFN Washington, Officer; ) | |
| NFN Daniels, Officer; NFN ) | |
| Haskins, Officer; NFN Waters, ) | |
| Sergeant; NFN Karn, Sergeant; ) | |
| NFN Moody, Lieutenant; NFN ) | |
| Refo, Captain; and NFN ) | |
| Higgins, Captain, ) | |
| ) | |
| Defendants. ) | |

This civil rights action pursuant to 42 U.S.C. § 1983[1] brought by a former pretrial detainee, now a prisoner, proceeding pro se and in forma pauperis, is before the undersigned United States Magistrate Judge for a report and recommendation on the

---

[1] Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of Section 1983, titled a civil action for deprivation of rights reads in relevant portion: the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable.
42 U.S.C. § 1983.

1

defendants' summary judgment motion.  28 U.S.C. § 636(b).

On April 11, 2007, the plaintiff, John Portee, Jr., filed this action against Officers Felder, Washington, Daniels, and Haskins, Sergeants Waters and Karn, Lieutenant Moody, and Captains Renfro and Higgins.  The defendants are all correctional officers employed at the Alvin S. Glenn Detention Center in Columbia, South Carolina, where Plaintiff was a pretrial detainee when the complained of events occurred.  Plaintiff asserts that another inmate was placed in his cell despite the fact that Plaintiff told certain officers that if the inmate was placed in his cell, they would immediately fight.  Plaintiff and the other inmate engaged in mutual combat; plaintiff allegedly was denied medical attention for one hour after the fight was stopped, and the plaintiff was assaulted by Officer Washington while Washington was escorting him back from Medical.  He seeks damages and prays all defendants are terminated from their employment.

The defendants answered and on November 15, 2007, filed a motion for summary judgment along with the affidavits of the defendants, Plaintiff's medical records, incident reports, and plaintiff's disciplinary record.  On November 16, 2007, Plaintiff was provided copies of the defendants' motion and exhibits and was given an explanation of dismissal and summary judgment procedure as well as pertinent extracts from Rules 12 and 56 of the Federal Rules of Civil Procedure similar to that required by

2

Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975). On January 8, 2008, Plaintiff filed an opposition to the motion in the form of his own affidavit. hence it appears consideration of the motion is appropriate.

## SUMMARY JUDGMENT STANDARD

Summary judgment should be granted when the record demonstrates that the requirements of Rule 56(c) have been met. Celotex Corp. v. Catrett, 477 U.S. 317 (1986). Summary judgment is mandated where the party opposing the motion has failed to establish the existence of an element essential to his case, and on which he bears the burden of proof. Id., 477 U.S. at 322. The party seeking summary judgment must inform the court of the basis for its motion, and identify those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party, however, need not offer proof that negates the opponent's claim; rather, as to issues on which the party opposing the motion has the burden of proof at trial, the party seeking summary judgment need only point to an absence of evidence to support the opponent's claim. The party opposing summary judgment must then point to facts evidencing a genuine issue for trial. Fed. R. Civ. P. 56(c); see also, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986).

Summary judgment should not be denied merely because the plaintiff raises a "metaphysical doubt" as to the material facts.

3

Mathushita Electrical Industrial Co., Ltd v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). Likewise, "unsupported speculation is not sufficient to defeat a summary judgment motion." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). If the plaintiff's evidence does not raise a genuine issue as to a material fact, then summary judgment is proper for the defendants. See, Anderson, 477 U.S. at 249-50 (where evidence is not significantly probative, then summary judgment is proper). Furthermore, even as to a material fact, an issue is genuine only where the record establishes that the fact-finder could find, by a preponderance of the evidence, that the plaintiff is entitled to judgment in his favor. Id., 477 U.S. at 252.

## **FACTS**

The facts either undisputed or according to the plaintiff as the non-moving party and all reasonable inferences therefrom are as follow.

Plaintiff was detained on September 4, 2006, awaiting disposition of double murder and armed robbery charges. He had a long history of serious disciplinary violations at the Detention Center. He asked to be placed and was placed in protective custody because he feared harm at the hands of other inmates because of the high profile nature of his case.

In his verified complaint[2] and in his affidavit filed in opposition to the defendants' motion, the plaintiff stated that on January 19, 2007, he and several other inmates housed in the Segregated Housing Unit (SHU) were not allowed to have recreation. Plaintiff sent a grievance to Defendant Higgins complaining about not being allowed to have recreation.

Plaintiff and the other inmates began to beat on the doors of their cells. Defendant Officers Daniels, Haskins, and Washington were present and responded by cheering and laughing at the inmates.

An hour later the officers indicated that they were going to place another detainee in Plaintiff's cell with him because they had been ordered to free up a cell for an incoming detainee who had to be celled alone. Plaintiff told them that he did not want a cellmate because he was in protective custody because of threats. Plaintiff was told that he was not entitled to a single cell according to Detention Center policy and that they had been ordered to put another detainee, Fred Ross, into Plaintiff's cell with him.

Before moving Ross into plaintiff's cell, the officers checked to see if the Detention Center's records indicated that

---

[2] Verified complaints by pro se prisoners are to be considered as affidavits and may, standing alone, defeat a motion for summary judgment when the allegations contained therein are based on personal knowledge. Williams v. Griffin, 952 F.2d 820, 823 (4th Cir. 1991).

Plaintiff and Ross should not be housed together, and the records contained no such prohibition. However, both Ross and the plaintiff told the officers that if they were celled together "we would fight because we didn't get along." Plaintiff also told the officers that he would fight anyone they put into his cell with him.

Officer Daniels told Ross "to put his shoes on because he was going to fight me." The three officers "opened the door and forced Fred Ross into the cell, upon which we immediately started fighting. The three officers watched and laughed the entire time we fought." Eventually the officers broke up the fight. Plaintiff was charged with and found guilty of assault on Ross.

Defendants Waters and Karn came to the scene but did not believe Plaintiff's version of what had occurred and took no action against Defendants Daniels, Washington, and Haskins.

Neither Ross nor Plaintiff had any observable injuries. However, Plaintiff asked for medical attention, but it was denied initially. After an hour Washington escorted Plaintiff to medical, and on the way Plaintiff insulted Washington "about his weight." He was seen by medical, and an examination revealed no bruising, edema, or abrasions. Plaintiff was given Motrin.

Washington escorted Plaintiff back to his cell. Plaintiff complained about how he was handcuffed and "began to pick at him again about his weight down the hall." Plaintiff also threatened

6

to assault Washington and demeaned his profession. Plaintiff next stopped walking and refused to proceed farther. Washington pushed and pulled Plaintiff and "gave me blows to assert his authority over me." Plaintiff was uninjured.

Washington brought disciplinary charges against the plaintiff and he was convicted of "curse and abuse", "threatening bodily harm to any person," and disobeying a direct order.

Plaintiff filed grievances about all of the above and made the grievances exhibits to his complaint. The exhibits show that the grievances were denied and appealed. Officers Moody, Higgins, and Refo all responded to the grievances. Further it appears that after the grievance was denied and the appeal was denied, Plaintiff sent a letter to the Director of the Detention Center outlining his complaints and the history of his grievances.

Defendants Felder, Moody, and Refo are not mentioned anywhere in Plaintiff's complaint.

## DISCUSSION

A review of the record and relevant case law reveals that all claims against all defendants should be dismissed except Plaintiff's claim for damages against Defendants Haskins, Daniels, and Washington in their individual capacities for failure to protect him from violence in regard to the fight between Plaintiff and Fred Ross.

## **LAW GOVERNING THE RIGHT OF PRETRIAL DETAINEES TO PROTECTION FROM VIOLENCE**

Plaintiff was a pre-trial detainee at the time of the incidents at issue, and thus the analysis of his allegations are governed by the Due Process Clause of the Fourteenth Amendment to the United States Constitution, rather than under the Eighth Amendment. Bell v. Wolfish, 441 U.S. 520, 535, 99 S.Ct. 1861 (1979); Hill v. Nicodemus, 979 F.2d 987, 990 (4th Cir. 1992); Cooper v. Dyke, 814 F.2d 941 (4th Cir.1987); Nelson v. Collins, 659 F.2d 420, 425 (4th Cir. 1981) (en banc ); Loe v. Armistead, 582 F.2d 1291, 1293-94 (4th Cir. 1978), cert. denied, 446 U.S. 928, 100 S.Ct. 1865 (1980). The due process rights of detainees are at least coextensive with the Eighth Amendment rights of convicted prisoners. See, Cooper, 814 F.2d at 848-49; Whisenant v. Yuam, 739 F.2d 160 (4th Cir. 1984). Nevertheless "[t]he Fourteenth Amendment right of pretrial detainees, like the Eighth Amendment right of convicted prisoners, requires that government officials not be deliberately indifferent to any serious ... needs of the detainee." Belcher v. Oliver, 898 F.2d 32, 34; see also, Ingraham v. Wright, 430 U.S. 651, 673, 97 S.Ct. 1401 (1977).

In order to proceed with his claims, Plaintiff is required to present evidence sufficient to show that a named defendant displayed a deliberate or callous indifference to a specific known risk of harm to him. See, Pruitt v. Moore, No. 02-395,

8

2003 WL 23851094 at 9 (D.S.C. July 7, 2003) (only deliberate or callous indifference on the part of prison officials to a specific known risk of harm states on Eighth Amendment claim), cert. denied, 2004 WL 232748 (4th Cir. 2004); Levy v. State of Ill. Dept. of Corrections, 1997 WL 112833 (N.D. Ill. March 11, 1997) ("A defendant acts with deliberate indifference only if he or she 'knows of and disregards' an excessive risk to inmate health or safety."); Farmer v. Brennen, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994) (defendants must have engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result".)

Additionally, merely negligent failure to protect a plaintiff from attack does not justify liability under section 1983. Davidson v. Cannon, 474 U.S. 344, 347 (1986); Carter v. Galloway, 352 F.3d 1346 (11th Cir. 2003). A defendant's lack of knowledge of the risk obviates a claim based on a failure to adequately protect an inmate. Clark v. McMillin, 932 F.Supp 789 (S.D. Miss. 1996).

Here, Plaintiff has sworn under penalty of perjury that both he and Ross told Officers Washington, Haskins, and Daniels that they would fight each other immediately if they were put in the same cell and that, nonetheless, these officers put Ross into Plaintiff's cell and that they immediately assaulted each other. Further, Plaintiff swore that he heard Daniels tell Ross "to put

9

his shoes on because he was going to fight me." Plaintiff affied that the three officers "opened the door and forced Fred Ross into the cell, upon which we immediately started fighting. The three officers watched and laughed the entire time we fought."

This evidence standing alone is sufficient to support a finding that these three defendants displayed a deliberate or callous indifference to a specific known risk of harm to him as required by Farmer v. Brennen, 511 U.S. 825, 114 S.Ct. 1970, 1979 (1994). Indeed, his version does indicate that these defendants engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result". Id. Further, Plaintiff's sworn allegations are sufficient to defeat qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982).

Of course, all other evidence in the case including the officers affidavits, the Detention Center's records, and other defendants' affidavits support a polar version of the facts. In short, Defendants had no reason to believe that the two detainees would assault each other, the fight was quickly and easily stopped, and Ross was placed in a different cell thereafter. Under these facts, there would be no liability. See, e.g., Clark v. McMillin, 932 F.Supp 789 (S.D. Miss. 1996)(a defendant's lack of knowledge of the risk obviates a claim based on a failure to adequately protect an inmate).

The court cannot weigh the evidence at summary judgment. A

reasonable jury could believe one version of the events over the other. Plaintiff has put forth evidence which creates a genuine material issue of fact precluding summary judgment. See, Celotex Corp. v. Catrett, 477 U.S. 317 (1986). In short, the matter must await resolution by a finder of fact.

However, Plaintiff cannot proceed against Officers Washington, Haskins and Daniels in their official capacities because they are not "persons" amenable to suit under 42 U.S.C. § 1983. In their official capacities, they were acting as state officials and were, accordingly, the alter ego of the State of South Carolina. As the alter ego of the State of South Carolina, these defendants in their official capacities are not "persons" subject to suit pursuant to 42 U.S.C. § 1983. Will v. Michigan Dep't of State Police, 491 U.S. 58, 71 (1989). Accordingly, the plaintiff's claims against the defendants in their official capacities should be dismissed.

Next, Plaintiff's claim that Washington assaulted him when Washington escorted him back to his cell from Medical should fail. It is undisputed that Plaintiff was being disrespectful and generally recalcitrant when Washington "gave me blows to assert his authority over me," and that Plaintiff was uninjured. The fact that Plaintiff was uninjured or suffered at most a de minimis injury, demonstrates that the force used against him was

11

not constitutionally excessive. See, Norman v. Taylor, 25 F.3d 1259, 1263 (1994)(en banc).

Likewise, Plaintiff's claim that he was denied medical attention for one hour should fail because his medical records demonstrate that he has not established that he had a serious medical need as required to defeat the defendants' motion. See, Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285 (1976)(a plaintiff must show that the defendants were deliberately indifferent to his serious medical needs).

### REMAINING DEFENDANTS

Plaintiff seeks to impose liability on Defendants Waters and Karn because they did not believe Plaintiff's version of how the fight occurred. They should be dismissed as Plaintiff does not enjoy a constitutional right to have his story credited over another's version of the events. He has not stated a claim for relief.

Plaintiff made no allegations in his complaint concerning Defendants Felder, Moody, and Refo, and they should be dismissed on that basis.

Defendant Higgins is alleged to have failed to respond to Plaintiff's grievance that he was denied recreation. Higgins should be dismissed as Plaintiff does not have a federal right to participate in grievance proceedings at all. Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994).

## CONCLUSION

Accordingly for the aforementioned reasons, it is recommended that the defendant's motion for summary judgment be granted except as to the failure to protect claim for damages against Washington, Daniels, and Haskins in their individual capacities.

                                        Respectfully Submitted,

                                        Robert S. Carr
                                        United States Magistrate Judge

Charleston, South Carolina

March 4, 2008

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court judge need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 835
> Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985).