IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| John Portee, Jr., #36401, ) | |
| ) | |
| Plaintiff, ) | |
| ) | C.A. No.: 2:07-945-PMD-RSC |
| v. ) | |
| ) | |
| NFN Felder, Officer at Alvin S. Glenn ) | |
| Detention Center; NFN Washington, ) | **ORDER** |
| Officer; NFN Daniels, Officer; NFN ) | |
| Haskins, Officer; NFN Waters, Sergeant; ) | |
| NFN Karn, Sergeant; NFN Moody, ) | |
| Lieutenant; NFN Refo, Captain; and NFN ) | |
| Higgins, Captain, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court upon a Motion to Alter or Amend Judgment filed by Defendants Washington, Haskins, and Daniels ("Defendants"). Defendants file this motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure, asserting this court committed a clear error of law "regarding the requirements set forth by the Fourth Circuit Court of Appeals case law regarding the objective component of a failure to protect claim" and requesting this court address their qualified immunity defense. (Mot. at 1.)

Reconsideration of a judgment is an extraordinary remedy which should be used sparingly. *Pacific Ins. Co. v. American Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998). Such a motion to alter or amend pursuant to Rule 59(e) may be granted for three reasons: "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Id.* However, Rule 59(e) motions may not be used to initiate arguments or legal theories that the proponent had the ability to address prior to the judgment. *Id.*

In their Memorandum in Support of their Motion to Alter or Amend, Defendants assert a clear error of law was committed by this court in denying summary judgment to them in their individual capacities. (Mem. in Supp. at 2.) Defendants explain as follows:

> Specifically, in the May 28, 2008 Order, this Court found that "the question for the court is whether Plaintiff is required to show more than a de minimis injury in order to proceed with his failure to protect claim pursuant to the Due Process Clause of the Fourteenth Amendment." *See*, Order, p. 14. (Doc. #48). The Court then cited to excessive force cases that required more than a de minimis injury to be actionable, but the Court was not satisfied that the same standard is applicable to both excessive force and failure to protect cases. In fact, the Court noted that "[t]he Defendants have not cited, and the court has not found, a Fourth Circuit opinion indicating that if a pretrial detainee suffers only de minimis injuries, his failure to protect claim fails." *See*, Order, p. 15. (Doc. #48). The Court then appears to suggest that the applicable standard requires proof of a "substantial risk of serious harm." However, that is the standard adopted in *Farmer v. Brennan*, 511 U.S. 825 (1994), for cases involving an ongoing exposure to challenged conditions as opposed to a past event.

(*Id*.) Citing *Odom v. South Carolina Department of Corrections*, 349 F.3d 765 (4th Cir. 2003), Defendants assert they have located a Fourth Circuit opinion holding that "a prisoner must show a serious physical or emotional injury, or that the challenged condition is ongoing, in order to satisfy the objective component of a failure to protect claim." (Mem. in Supp. at 2.)

In *Odom*, the plaintiff appealed the district court's grant of summary judgment based on qualified immunity to certain defendants. *Odom*, 349 F.3d at 767. The plaintiff asserted the defendants were "deliberately indifferent to his safety, in violation of the Eighth Amendment, when they ignored [his] requests for protection against an assault committed by fellow inmates at Evans Correctional Institution." *Id*. The plaintiff presented uncontradicted evidence that the defendants "knew the inmates intended to kill or seriously injure him and the defendants even watched as these inmates worked for at least forty-five minutes to break into an outdoor recreational cage in which [the plaintiff] was being held, yet ignored [the plaintiff's] pleas for help." *Id*. When the district

court granted summary judgment to the defendants on the basis of qualified immunity, the plaintiff appealed. *Id*. at 769.

The court noted the "'threshold question' in the qualified immunity analysis . . . is whether, taken in the light most favorable to the party asserting the injury, the facts alleged show that the officer's conduct violated a constitutional right." *Id*. (internal quotation marks omitted). Then, in a passage highlighted by Defendants, the Fourth Circuit stated,

> The Eighth Amendment imposes a duty on prison officials "to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994). "[G]ratuitously allowing the beating . . . of one prisoner by another serves no legitimate penological objective, any more than it squares with evolving standards of decency." *Id*. (internal quotation marks, alteration and citation omitted). However, not "every injury suffered by one prisoner at the hands of another . . . translates into constitutional liability for prison officials responsible for the victim's safety." *Id*. at 834. To establish a claim under the Eighth Amendment, a prisoner must satisfy two elements. "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). "Only extreme deprivations are adequate to satisfy the objective component of an Eighth Amendment claim regarding conditions of confinement." *De'Lonta v. Angelone*, 330 F.3d 630, 634 (4th Cir. 2003). "[T]o demonstrate such an extreme deprivation, a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions or demonstrate a substantial risk of serious harm resulting from the prisoner's exposure to the challenged conditions." *Id*. (internal quotation marks and citation omitted).

*Odom*, 349 F.3d at 770.

According to Defendants, "*Odom* . . . makes clear that the Plaintiff must plead and prove a serious or significant physical or emotional injury, i.e., greater than a de minimis injury, in order to prevail in a failure to protect case where the harm has already occurred and is not ongoing." (Mem. in Supp. at 5.) The court respectfully disagrees. The Fourth Circuit indicated in *Odom* that in order to demonstrate an extreme deprivation, "'a prisoner must allege a serious or significant physical or emotional injury resulting from the challenged conditions **or demonstrate a substantial risk of**

3

**such serious harm resulting from the prisoner's exposure to the challenged conditions**.'" *Odom*, 349 F.3d at 770 (quoting *De'Lonta*, 330 F.3d at 634) (emphasis added). It certainly seems that Plaintiff John Portee, Jr. ("Plaintiff" or "Portee") has presented evidence, sufficient to survive Defendants' Motion for Summary Judgment, that demonstrates a substantial risk of serious harm resulting from his exposure to the challenged conditions. Plaintiff asserts in his Verified Complaint that before detainee Fred Ross was placed into Plaintiff's cell with him, both he and Ross told the officers that they would fight because they did not get along. Plaintiff further asserts (1) that Officer Daniels told Ross to put on his shoes because he was going to fight Plaintiff and (2) that the three officers watched and laughed the entire time the two fought. The court concludes Plaintiff has produced evidence of a substantial risk of serious harm resulting from his exposure to the challenged conditions. *Cf. Waller v. Back*, No. 706CV00188, 2006 WL 903231, at *2 (W.D. Va. Apr. 7, 2006) (concluding the plaintiff failed to present any evidence that defendants were deliberately indifferent to a substantial risk of serious harm when he "provided no evidence which establishes that prison officials knew that his cell mate posed any significant threat" to the plaintiff).[1]

---

[1] Defendants also cite *Edison v. Hudson*, 91 F.3d 129 (4th Cir. 1996) (unpublished table decision), to support their position that the court made a clear error of law. The entirety of that per curiam opinion states,

> Appellant appeals from the district court's order denying relief without prejudice on his 42 U.S.C. § 1983 (1988) complaint. We have reviewed the record and the district court's opinion and find no reversible error. Accordingly, we affirm substantially on the reasoning of the district court. *Edison v. Hudson,* No. CA-96-55-5-CT-BR (E.D.N.C. Jan. 30, 1996). To the extent that Appellant contends that Appellees failed to protect him from another inmate, his injuries, if any, were de minimis, and therefore do not provide the basis for a § 1983 claim. *Norman v. Taylor,* 25 F.3d 1259 (4th Cir.1994) (in banc), *cert. denied,* 513 U.S. 1114, 63 U.S.L.W. 3538 (U.S. Jan. 17, 1995) (No. 94-6011). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*Edison*, 91 F.3d 129, at *1. The court is not persuaded by Defendants' argument for two

Defendants next assert the court erred in failing to address their objections to the Magistrate Judge's recommendations regarding qualified immunity. (*See* Mot. at 3.) In the R&R, Magistrate Judge Carr stated,

> [Plaintiff's] evidence standing alone is sufficient to support a finding that these three defendants displayed a deliberate or callous indifference to a specific known risk of harm to him as required by Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970, 1979 (1994). Indeed, his version does indicate these defendants engaged in conduct "for the very purpose of causing harm or with the knowledge that harm [would] result." Id. Further, Plaintiff's sworn allegations are sufficient to defeat qualified immunity under Harlow v. Fitzgerald, 457 U.S. 800 (1982).

(R&R at 10.) The only statement in Defendants' objections concerning qualified immunity is that "Defendants Washington, Haskins, and Daniels would at least be entitled to qualified immunity when the case law clearly states that, in order to maintain a failure to protect claim, the Plaintiff must allege and prove both deliberate indifference and a sufficiently serious injury, where, as here, no injury has been shown." (Objections at 3-4.) Defendants thus appear to be arguing they are entitled to qualified immunity because, since Plaintiff has not shown a sufficiently serious injury, he has not shown that Defendants' conduct violated a constitutional right. For the reasons set forth herein; in the Report and Recommendation; and in the court's order dated May 28, 2008, the court rejects that argument. This court is mindful of the difficulties inherent in operating a correctional institution and has steadfastly refrained from judicial interference in the operations of our prisons. There are circumstances, such as those in this case, which require the court to grant a full hearing because the allegations, if proven, describe conduct which is not constitutionally permissible or protected.

---

reasons. First, *Edison* is an unpublished opinion. Second, *Norman v. Taylor* is an excessive force case. *See Norman*, 25 F.3d 1259.

5

## CONCLUSION

It is therefore **ORDERED**, for the foregoing reasons, that Defendants' Motion to Alter or Amend pursuant to Rule 59(e) of the Federal Rules of Civil Procedure is **DENIED**.

**AND IT IS SO ORDERED**.

_____
PATRICK MICHAEL DUFFY
United States District Judge

**Charleston, South Carolina**
**June 25, 2008**